**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 16-4772**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENNETH GODSEY, a/k/a K. God, a/k/a Ken God,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Western District of Virginia, at Abingdon.  James P. Jones, District Judge.  (1:16-cr-00014-JPJ-PMS-1)

———————

Submitted:  May 18, 2017                                    Decided:  June 5, 2017

———————

Before GREGORY, Chief Judge, and DUNCAN, Circuit Judge, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Krysia Carmel Nelson, LAW OFFICES OF KRYSIA CARMEL NELSON, PLC, Keswick, Virginia, for Appellant.  Jean Barrett Hudson, Assistant United States Attorney, Charlottesville, Virginia, Brian K. Patton, OFFICE OF THE UNITED STATES ATTORNEY, Abingdon, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Godsey pled guilty pursuant to a plea agreement to mailing a threatening communication (count 1) and mailing a threatening communication to a federal officer or official (count 2), in violation of 18 U.S.C. § 876(c) (2012). The parties stipulated in the plea agreement that Godsey would be sentenced to a period of incarceration ranging from 60 to 120 months, *see* Fed. R. Crim. P. 11(c)(1)(C), and the district court sentenced Godsey to 60 months' imprisonment on count 1 and a concurrent term of 120 months' imprisonment on count 2.

On appeal, Godsey's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but raising as issues for review whether the district court plainly erred in finding Godsey competent to enter a guilty plea and whether trial counsel rendered ineffective assistance. Godsey was informed of his right to file a pro se supplemental brief, but he has not done so. The Government elected not to file a brief and does not seek to enforce the appeal waiver in Godsey's plea agreement.[1] We affirm.

Because Godsey did not seek to withdraw his guilty plea in the district court, we review the guilty plea hearing for plain error. *United States v. Williams*, 811 F.3d 621, 622 (4th Cir. 2016). Under this standard, Godsey bears the burden of demonstrating that (1) an error was made, (2) the error was plain, (3) the error affected his substantial rights,

---

[1] Because the Government fails to assert the waiver as a bar to the appeal, we may consider the issues raised by counsel and conduct an independent review of the record pursuant to *Anders*. *United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

and (4) this court should exercise its discretion to note the error. *Henderson v. United States*, 568 U.S. 266, 133 S. Ct. 1121, 1126-27 (2013).

It is axiomatic that, "[b]efore a court may accept a guilty plea, it must ensure that the defendant is competent to enter the plea." *United States v. Nicholson*, 676 F.3d 376, 382 (4th Cir. 2012) (internal quotation marks omitted). A defendant is competent to plead if he "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "has a rational as well as factual understanding of the proceedings against him." *United States v. Moussaoui*, 591 F.3d 263, 291 (4th Cir. 2010) (internal quotation marks omitted). "When a response in a plea colloquy raises questions about the defendant's state of mind, the court must broaden its inquiry to satisfy itself that the plea is being made knowingly and voluntarily." *Nicholson*, 676 F.3d at 382 (internal quotation marks omitted). To succeed on his competency challenge, Godsey must demonstrate that the district court "ignored facts raising a bona fide doubt regarding his competency," such that the court abused its discretion in accepting the guilty plea. *See Moussaoui*, 591 F.3d at 291 (internal quotation marks and alteration omitted).

At the guilty plea hearing,[2] the district court questioned Godsey thoroughly regarding factors relevant to his competence to plead guilty, including his age, educational history, current use of medicines, drugs, and alcohol, and history of mental

---

[2] Four days before the guilty plea hearing, the magistrate judge found Godsey competent to proceed with the case against him.

health treatment.  Godsey's and counsel's responses during the plea colloquy provided no basis to question Godsey's ability to consult with his attorney and understand the proceedings against him.  We therefore discern no error—plain or otherwise—in the district court's determination that Godsey was competent to plead guilty.

Next, we decline to reach Godsey's claim of ineffective assistance of counsel.  Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims generally are not addressed on direct appeal.  *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008).  Because the record does not conclusively establish ineffective assistance by Godsey's trial counsel, we deem this claim inappropriate for resolution on direct appeal.  *See United States v. Baptiste*, 596 F.3d 214, 216 n.1 (4th Cir. 2010).

Finally, in accordance with *Anders*, we have reviewed the remainder of the record in this case and have found no meritorious issues for appeal.  We therefore affirm the criminal judgment and deny counsel's motion to withdraw and Godsey's motion to appoint counsel.  This court requires that counsel inform Godsey, in writing, of the right to petition the Supreme Court of the United States for further review.  If Godsey requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Godsey.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*